# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:08-CV-153

ISP CHEMICALS LLC                                                                PLAINTIFF

v.

DUTCHLAND, INC., ET AL.                                DEFENDANTS/
                                                                             THIRD-PARTY PLAINTIFFS

v.

HALL BLAKE & ASSOCIATES, INC.                THIRD-PARTY DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court upon Third-Party Defendant Hall Blake & Associates, Inc.'s Motion for Summary Judgment (Docket #95). Defendants/Third-Party Plaintiffs Dutchland, Inc., Paul Stoltzfus, and Erik Lederman have responded (Docket #98). Third-Party Defendant has replied (Docket #103). This matter is now ripe for adjudication. For the following reasons, Third-Party Defendant's Motion for Summary Judgment is GRANTED.

## BACKGROUND

Plaintiff ISP Chemicals, LLC ("ISP"), is a limited liability company headquartered in Calvert City, Kentucky. ISP is a supplier of specialty chemicals and products. Defendant Dutchland, Inc. ("Dutchland") is a corporation headquartered in Gap, Pennsylvania. Dutchland's primary business is the design, manufacture, and construction of concrete structures such as those used for waste water treatment tanks. Defendants Paul Stoltzfus and Erik Lederman were Dutchland employees until 2006 and 2007, respectively.[1]

On or about October 12, 2005, ISP entered into a contract with Dutchland. In exchange

---

[1] The Court's discussion refers to all Defendants/Third-Party Plaintiffs collectively as "Dutchland" for purposes of this opinion only.

for approximately $2.5 million, Dutchland agreed to design, construct, and install an above ground, pre-cast waste water treatment tank at ISP's Calvert City facility. The contract contained a ten year warranty by Dutchland to remedy any structural or non-conforming defects.

ISP was responsible for the preparation of the surrounding soil, and hired Third-Party Defendant Hall Blake & Associates, Inc. ("Hall Blake") to investigate the soil and subgrade preparations necessary to support the waste water treatment tank. Dutchland was to provide the "acceptable limits of differential settlement across the tank base" to ISP to aid in its preparation of the soil. Dutchland provided these figures, and according to ISP, Hall Blake prepared the soil in accordance with Dutchland's specifications. Dutchland began working on the tank in August of 2006. Construction of the tank was completed in June of 2007.

On August 24, 2007, ISP began testing the tank by filling it with water. The test revealed leakage around the perimeter of the tank. ISP informed Dutchland of the problem on August 27, 2007. Dutchland visited the tank site and told ISP that the leakage was caused by a grout problem. Cracks in the tank were also discovered sometime in September of 2007. In October, ISP hired a forensic engineering firm, CTL Group ("CTL"), to investigate the cause of the cracks and leakage. ISP provided Dutchland with a copy of CTL's report on December 21, 2007. ISP also demanded that Dutchland submit a plan for correcting the tank's defects as laid out in CTL's report. The CTL report indicated defective grout, cracks in the base slab, and errors in the design calculations. Dutchland and ISP thereafter worked together to develop a repair plan. On May 5, 2008, ISP sent Dutchland a proposed design prepared by CTL. Dutchland responded to ISP on May 21, 2008, advising ISP that "Dutchland will not undertake to perform the work on the tank and that ISP should utilize its own contractors to perform the work."

2

ISP filed this action on September 22, 2008. ISP's Amended Complaint asserts eight counts for relief: (I) Breach of Contract (as to Dutchland); (II) Negligence (as to all Defendants); (III) Professional Negligence (as to all Defendants); (IV) Negligent Misrepresentation (as to all Defendants); (V) Contractual Indemnity (as to Dutchland); (VI) Specific Performance (as to Dutchland); (VII) Violation of Kentucky Building Code (as to all Defendants); and (VIII) Negligence Per Se (as to all Defendants). On November 10, 2008, Dutchland filed its Answer and Counterclaim against ISP. Dutchland filed a Third-Party Complaint against Hall Blake on August 7, 2009, which contains three counts: (I) Indemnity; (II) Negligent Misrepresentation and/or Non-Disclosure; and (III) Apportionment. Hall Blake filed its answer on October 21, 2009.

On March 5, 2010, Dutchland moved for summary judgment as to all claims, asserting a one year statute of limitations period for any claims of professional malpractice bars ISP from bringing the present lawsuit. The Court denied the motion on August 6, 2010, finding that the one year statute of limitations period in Kentucky Revised Statutes section 413.245 does not apply to out-of-state licensed engineers performing work within Kentucky. Dutchland then asked the Court to reconsider its denial of the motion for summary judgment. The Court granted this motion, reversing its prior opinion and finding that the one year statute of limitations period of section 413.245 applies to all engineers, not just those licensed by the Commonwealth of Kentucky. The Court also denied summary judgment as to Paul Stoltzfus and Dutchland in regard to the statute of limitations issue.

On September 2, 2010, Third-Party Defendants Hall Blake filed a motion for summary judgment as to Dutchland's Third-Party Complaint. The Court now considers this motion.

3

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

**DISCUSSION**

**I.  Count I - Indemnity**

"[T]he right to indemnity is of common law origin and is available to one exposed to liability because of the wrongful act of another with whom he/she is not in pari delicto."

4

*Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000). Indemnity claims are permitted in two classes of cases:

> "(1) Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment; or (2) where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury."

*Id.* (quoting *Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.*, 77 S.W.2d 36, 39 (1934)). Thus, indemnity is available for those who are only "constructively or secondarily liable to a plaintiff." *Id.* at 781.

Hall Blake argues that Count I should be dismissed because indemnity is not an available cause of action in this case. In support of this argument, Hall Blake cites to two recent cases from this district: *Franke v. Ford Motor Co.*, 398 F. Supp. 2d 833 (W.D. Ky. 2005) and *Burton v. HO Sports Co.*, No. 4:06CV-100-JHM, 2009 WL 1390832, 2009 U.S. Dist. LEXIS 41036 (W.D. Ky. May 14, 2009). In *Franke*, a contractor's employee who was injured while installing a mechanical lift table sued the manufacturer of the lift table, among others. 398 F. Supp. 2d at 836. The manufacturer then attempted to file cross-claims for indemnity against the plant owner, the general contractor, and the rigging contractor. *Id.* at 840. The manufacturer alleged that negligence on the part of the plant owner's employee in operating the hydraulic controls on the table was the primary cause of the accident. *Id.* at 840. The District Court held that although indemnity claims are permitted under *Degener*, the facts of this case did not warrant such a claim. *Id.* The District Court noted that the evidence did not establish that the injuries sustained by the plaintiff employee were entirely or primarily caused by the negligence of the plant owner's employee such that the manufacturer was seeking "'restitution for damages.'" *Id.*

5

(quoting *Degener*, 27 S.W.3d at 781-82). Acknowledging that respondeat superior cases present a proper factual basis for indemnity claims, the District Court concluded "[t]hat is simply not the case here." *Id.* Rather, the principles of comparative fault would serve to properly apportion liability among the parties. *Id.*

Likewise, in *Burton*, the District Court concluded that "[m]anufacturers of defective products cannot seek indemnification from purchasers who negligently allow an individual to use their defective product." 2009 WL 1390832 at *4. In *Burton*, the manufacturer of a slalom-style water ski was sued by an individual who was injured when his right foot slipped from the back binding on the ski while his left foot remained restricted by the front binding. *Id.* at *1. The manufacturer asserted an indemnity claim against the driver of the motor boat who provided the ski to the plaintiff. *Id.* The District Court held that because the manufacturer was an "active wrongdoer," indemnification was improper. *Id.* at *4.

Hall Blake reads these cases to stand for the proposition that there is no separate cause of action for indemnification in negligence cases, and Dutchland can only be allocated fault for its own negligent acts. In contrast, Dutchland asserts that the reasoning of *Franke* and *Burton* applies only to personal injury product liability cases involving the subsequent negligence of a party who exposed the plaintiff to a defective product. This case, Dutchland argues, is not a personal injury product liability case and Hall Blake's allegedly negligent actions occurred prior to Dutchland's work on the project.

Applying Kentucky precedent, the Court concludes that the common law right of indemnity is permitted "where one is only constructively or secondarily liable to a plaintiff." *York v. Petzl America, Inc.*, No. 2009-CA-001483-MR, 2010 WL 3717266, at *3 (Ky. Ct. App.

6

Sept. 24, 2010) (citing *Degener*, 27 S.W.3d at 781). In other words, Dutchland cannot be an "active wrongdoer" in order to assert a claim for indemnity. *See Burton*, 2009 WL 1390832 at *4. Plaintiff's claims against Dutchland are essentially negligent design or construction. Dutchland's claims against Hall Blake are negligent soil preparation. This is not a case where we have primary negligence and secondary negligence. This is not an indemnity case. The jury will be free to determine that the damages suffered by Plaintiff are the fault of Dutchland, or Hall Blake, or ISP, or some combination thereof. It is a case of alleged in pari delicto and apportionment applies. Thus, an apportionment instruction is appropriate in this case, and Dutchland will only be held liable for its own negligent acts, if any.[2] Therefore, Dutchland's indemnity claim is improper, and summary judgment as to this claim is GRANTED.

## II.   Count II - Negligent Misrepresentation and/or Non-Disclosure

Dutchland's second claim alleges that Hall Blake knew or should have known that the Calvert City site was not suitable for construction and failed to disclose this information to Dutchland in a timely fashion. Hall Blake's motion for summary judgment states that "the damages which are alleged to flow from the negligent misrepresentation concern the performance of engineering services contracted for by Plaintiff ISP and are nothing more than allegations of fault against Hall Blake to be apportioned as determined by the jury." Third-Party Def. Mot. for Sum. Judgment, DN 95, p. 7. Dutchland's response fails to address this argument.

The Court agrees with Hall Blake's analysis and finds that Dutchland's negligent

---

[2]As noted by Hall Blake, no award of damages may be entered against Hall Blake in favor of ISP because ISP has not asserted any claims against Hall Blake. Even if ISP were to do so, these claims would likely be barred by the statute of limitations period set forth in Ky. Rev. Stat. Ann. § 413.245 because the Hall Blake's work was performed under the supervision of licensed engineer Dr. Ashraf Elsayed.

misrepresentation and/or non-disclosure claim is merely another way of pleading indemnity. To prove negligence, Dutchland must establish that Hall Blake owed a duty to Dutchland, that duty was breached, and such breach caused and resulted in damages to Dutchland. The damages claimed by Dutchland are the same that would be sought in an indemnity action.[3] In other words, there is no damage to Dutchland as a result of Hall Blake's alleged negligent misrepresentation unless Dutchland is held liable to ISP as a result of Hall Blake's negligence. In effect, this is an artful way of pleading the same cause of action twice. Had Dutchland asserted some other damages unrelated to its liability to ISP, this separate cause of action may have been appropriate. Because Dutchland's negligent misrepresentation claim is really an indemnity claim in disguise, however, summary judgment as to this claim is also GRANTED.

## III.   Count III - Apportionment

Dutchland's final Count is a claim for apportionment. Under Kentucky law, apportionment may no longer be raised as a substantive cause of action. *See* Ky. Rev. Stat. Ann. § 411.182; *Hall v. MLS Nat'l Med. Evaluations, Inc.*, No. 05-185-JBC, 2007 WL 1385943, at *2 (E.D. Ky. May 8, 2007) ("§ 411.182 provides a right to an apportionment interrogatory or finding where underlying substantive fault exists, but it does not provide a substantive cause of action itself."); *Burton*, 2009 WL 1390832, at *2. Accordingly, summary judgment as to Count III is GRANTED. Dutchland has, however, preserved its right to an apportionment instruction at

---

[3] Dutchland's Third-Party Complaint alleges "Hall Blake is subject to liability for the foreseeable pecuniary losses, if any, caused to ISP and Dutchland for Dutchland's justifiable reliance upon the information originally furnished by Hall Blake and caused by Hall Blake's failure to exercise reasonable care or competence in providing timely supplemental information necessary to Dutchland's tank design and the economic viability of constructing the Tank on the site." Third-Party Complaint, DN 38, ¶ 35.

trial pursuant to section 411.182, as already noted in this opinion.

## CONCLUSION

For the foregoing reasons, Third-Party Defendant's Motion for Summary Judgment is GRANTED.

An appropriate order shall issue.