# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:08-CV-153

**ISP CHEMICALS LLC**                                                                 **PLAINTIFF**

v.

**DUTCHLAND, INC., ET AL.**                                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Dutchland, Inc.'s Motion for Partial Summary Judgment on Vicarious Liability (Docket #161). ISP has responded (Docket #172). Dutchland has replied (Docket #179). This matter is now ripe for adjudication. For the following reasons, Dutchland's Motion for Partial Summary Judgment is GRANTED.

## BACKGROUND

The parties and the Court are well aware of the facts of this case, which centers around the alleged negligent design and construction of an above ground, pre-cast waste water treatment tank at ISP's Calvert City facility. ISP filed the present lawsuit on September 22, 2008, asserting eight counts of relief against Defendants Dutchland, Inc., Erik Lederman, and Paul Stoltzfus. Throughout the course of this lawsuit, the parties have strenuously debated the application of the one year statute of limitations period for professional negligence claims set forth in Kentucky Revised Statutes section 413.245. On January 26, 2011, the Court held that ISP's professional negligence claims accrued on August 27, 2007. Because ISP did not file its lawsuit until September 22, 2008, the one year statute of limitations prevented ISP from bringing a claim for professional negligence against engineer Erik Lederman, who was dismissed from this action.

On March 1, 2011, the Court clarified the remaining issues in this case. First, the Court

noted that the contractual indemnity claim is not subject to the one year statute of limitations. In addition, in order for the one year statute of limitations period to apply to non-engineer Paul Stoltzfus, Dutchland must establish either that a licensed engineer had oversight of his work or delegated work to him for completion. Next, the Court noted that for the statute of limitations period to apply to Dutchland, it must be shown that the firm had at least one professional engineer on staff and the firm must hold itself out as an engineering firm. If the statute of limitations applies to Dutchland, the breach of warranty claim is barred. Finally, the Court held that Dutchland could still be held vicariously liable for Lederman's actions. It is this last holding which Dutchland now challenge in its motion for partial summary judgment.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

In holding that Dutchland could still be held liable for Lederman's actions, the Court relied upon *Cohen v. Alliant Enterprises, Inc.*, 60 S.W.3d 536 (Ky. 2001). That case holds that "a principal can be held vicariously liable for the negligence of its agent when the agent has escaped liability by virtue of the statute of limitations." *Id.* at 537. Dutchland argues that the Court failed to consider, however, that ISP's derivative claim against Dutchland was also untimely.

Neither party disputes that Dutchland could be held vicariously liable for the acts of its employee, even if the employee was able to escape liability. Rather, the dispute is whether ISP asserted its claim for vicarious liability in a timely manner. Dutchland argues that because ISP failed to file its lawsuit prior to August 27, 2008, all professional negligence claims, including claims of vicarious liability, are untimely. In contrast, ISP argues that the Court has not yet determined whether the one year statute of limitations period applies to Dutchland. If the Court determines it does not apply, then all claims against Dutchland were timely filed, including the claim for vicarious liability.

A more thorough reading of *Cohen* reveals that Dutchland has the better argument. *See* 60 S.W.3d at 538-39. In that case, the appellant injured his foot and received treatment by a Dr.

3

Ewing. *Id.* at 537. After the appellant's foot injury became worse due to Dr. Ewing's alleged negligence, the appellant filed suit against the medical care center and a Dr. Thomas. *Id.* Dr. Thomas, however, had not treated the appellant. *Id.* When the appellant discovered his mistake, the statute of limitations period had already run as to Dr. Ewing. *Id.* at 537-38. Thus, the appellant's only remaining claim was against the medical care center for vicarious liability. *Id.* at 537. The medical care center moved for summary judgment, arguing that because the appellant could not bring a claim against the agent/doctor, he could not recover under a theory of vicarious liability. *Id.* at 538. The Kentucky Supreme Court held that the appellant could proceed because "[i]t is the negligence of the servant that is imputed to the master, not the liability." *Id.*

Dutchland notes that the appellant's vicarious liability claim in *Cohen* was timely filed before the statute of limitations period had run as to appellant's negligence claim against Dr. Ewing. Thus, although the claim against Dr. Ewing was untimely, the appellant could still seek recovery on its timely filed claim against the medical care center. In the case presently before the Court, however, no claims were filed before the statute of limitations period for professional negligence claims expired.

The *Cohen* court also seemingly finds no fault in the appellee's argument discussing one of the ways by which a plaintiff may assert a claim for vicarious liability, in which appellee notes that "he could have sued the principal only, so long as he did so before the statute of limitations had run *as to the agent*." *Id.* (emphasis added); *accord Doe v. Robinson*, No. L-10-1032, 2010 WL 4925810, at *2 (Ohio Ct. App. Dec. 3, 2010) ("The derivative or vicarious liability of the abuser's employer was subject to the same statute of limitations for assault and

4

battery.").

An Eastern District of Kentucky case also lends support to Dutchland's position. *See Dishman v. Corr. Corp. of Am.*, No. 10-CV-026-ART, 2010 WL 3294679, at *4 (E.D. Ky. Aug. 20, 2010). In *Dishman*, Judge Amul R. Thapar noted:

> Vicarious liability is possible for Dishman's state law claims, and under Kentucky law, [the principals] can be held vicariously liable for [the agent's] conduct even if the statute of limitations bars Dishman's claim against [the agent] himself. *See Cohen v. Alliant Enterprises, Inc.*, 60 S.W.3d 536, 538 (Ky. 2001) . . . . But Dishman was still required to file her action against [the principals] within the limitations period. Dishman's claim against [the principals] accrued at the same time that it accrued against [the agent] . . . .

*Id.*; *accord Stanley ex rel. Estate of Hale v. Trinchard*, 579 F.3d 515, 520 (5th Cir. 2009) ("'Louisiana law allows a plaintiff to bring suit against an employer when the employee is completely dismissed, even when the employer's sole basis for liability is vicarious liability' as long as the suit is not 'prescribed.'" (citations omitted)). Judge Thapar also held in *Dishman* that even if the agent's conduct tolled the statute of limitations such that he could still be held liable, the statute of limitations would not be tolled for the vicarious liability claims against the principals because tolling applies only to the defendant who committed obstruction. *Id.*

This case has focused largely on concerns over who is or is not providing "professional services," an inquiry which has been challenging and time-consuming. But, contrary to ISP's argument, this inquiry is irrelevant to the present issue. Instead, the present inquiry should focus on the agent's actions which led to the claim asserted. The statute of limitations applies to civil actions asserting claims of professional negligence. *See* Ky. Rev. Stat. Ann. § 413.245. The Court has already determined that ISP's claims against Lederman were claims of professional negligence. Thus, the one year statute of limitations applies to these claims. ISP's vicarious

5

liability claim is merely derivative of these professional negligence claims. It is therefore irrelevant whether Dutchland was providing professional services (and therefore subject to the one year statute of limitations), because the claim itself is subject to the limitations of section 413.245.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Dutchland's Motion for Partial Summary Judgment on Vicarious Liability is GRANTED.[1]

---

[1] As noted by Dutchland in its motion, this ruling is confined to ISP's vicarious liability claim against Dutchland for the alleged negligence of Erik Lederman. It has no bearing on ISP's vicarious liability claim regarding the actions of Paul Stoltzfus.